

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00150-CR

WARREN TEEL                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

-----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In one issue, Appellant Warren Teel appeals the jury's guilty verdict, asserting that the trial court abused its discretion by excluding the testimony of Dr. Barry Norman, a psychologist.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

Teel was charged with committing aggravated robbery with a deadly weapon after he approached a woman at a gas station on May 9, 2008; asked her for money; got into her car; and started beating her with a wooden post. He also bit her while trying to take her keys. He took her purse and left.

On July 22, 2008, Dr. Barry Norman conducted a court-ordered competency examination. Dr. Norman diagnosed Teel with schizoaffective disorder with psychosis and mixed substance abuse and opined that Teel was not competent to stand trial. The trial court ordered Teel confined to a state hospital until he regained competence. Several months later, a doctor at North Texas State Hospital filed with the court a report stating that Teel was competent to stand trial. The trial court entered a judgment of mental competency, and Teel's attorney filed a notice of intent to raise the insanity defense.

Before trial, the State objected to Teel's proposed admission of Dr. Norman's testimony on the basis of relevance, and Teel made a proffer of Dr. Norman's testimony. Dr. Norman opined that, as of his examination of Teel on July 22, 2008, Teel was suffering from schizoaffective disorder and was responding to auditory hallucinations, was not oriented as to time and place, and did not know where he was or what was going on. At the end of his examination, he concluded Teel was not competent to stand trial.

On cross-examination by the State, Dr. Norman explained the difference between a competency examination and a sanity examination,[2] and he stated that he did not perform a sanity examination in this case. He testified that all of his opinions pertained to Teel's status as of July 22, 2008—not May 9, 2008— and that he did not have an opinion as to Teel's sanity as of May 9, 2008. The trial court sustained the State's objection and excluded Dr. Norman's testimony.

Teel pleaded not guilty to the charge and true to the habitual offender paragraph. The jury found Teel guilty, and the trial court assessed fifty years' confinement as punishment. This appeal followed.

### III. Analysis

In his sole issue, Teel complains that the trial court abused its discretion by excluding Dr. Norman's testimony because it was relevant, was probative, and would have assisted the jury in determining an ultimate issue of fact, i.e., whether Teel was insane. Specifically, he argues that Dr. Norman's testimony would have "provided a 'small nudge' in proving or disproving a fact of consequence to the trial" and that by excluding Dr. Norman's testimony, the trial court violated Teel's due process right to present his defense.

---

[2]Dr. Norman testified that a competency examination involves determining whether a defendant has the ability to speak and interact with his attorney, to attend courtroom proceedings, and to understand what is going on in a courtroom. In contrast, a sanity examination has to do with whether a defendant was suffering from a debilitating illness at the time of the alleged offense such that he could not understand that his conduct was wrong.

## A. Standard of Review

We may not disturb a trial court's evidentiary ruling absent an abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). In other words, as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). This is so because "trial courts . . . are usually in the best position to make the call on whether certain evidence should be admitted or excluded." *Id.* (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

"Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. "[E]xpert testimony that does not directly rebut the culpable mental state usually may be excluded at the guilt stage." *Mays v. State*, 318 S.W.3d 368, 381–82 (Tex. Crim. App. 2010) ("In sum, the trial judge was not required to admit any expert testimony concerning appellant's mental illness during the guilt stage because it did not directly rebut his culpable *mens rea*."); *see also Ruffin v. State*, 270 S.W.3d 586, 596 (Tex. Crim. App. 2008) ("Such [expert] evidence may also be excluded if it does not truly negate the required *mens rea*."). The test for determining insanity is whether, at the time of the conduct charged, as a result of

4

mental disease or defect, the defendant did not know his conduct was wrong. *Ruffin*, 270 S.W.3d at 592. In this context, "wrong" means "illegal." *Id*.

## B. Analysis

Teel refers us to *Fisher-Riza v. State*, No. 01-08-00264-CR, 2009 WL 4358622 (Tex. App.—Houston [1st Dist.] Dec. 3, 2009, no pet.) (mem. op., not designated for publication), arguing that his due process rights were violated when he was prohibited from presenting Dr. Norman's testimony.

We note first that *Fisher-Riza* is inapposite, as the court addressed expert testimony about *past* mental illness and held that testimony about a defendant's mental health five years prior to the instant offense was not too remote. *Id.* at *6–7 (holding that evidence about appellant's past mental health problems was relevant to her sanity defense). Here, Dr. Norman did not testify about Teel's past mental health during the proffer,[3] and he specifically testified that he was unaware of Teel's mental health status on the date of the incident at issue.[4] Further, he stated that he did not conduct a sanity examination at the time he evaluated Teel's competency to stand trial and that he had no opinion about

---

[3]In his competency evaluation report, which the trial court took judicial notice of, Dr. Norman summarized what Teel told him about his prior mental health issues—inpatient and outpatient mental health treatment while incarcerated, as well as numerous visits to John Peter Smith hospital. The same information was admitted during the trial through Teel's testimony and Teel's mother's testimony.

[4]Dr. Norman testified that during the competency evaluation, Teel told him that he did not know what happened or why he was in jail. When asked whether Teel displayed a decent sense of what is right and what is wrong, Dr. Norman replied, "I'm not sure that we engaged in that conversation."

5

Teel's state of mind—sanity or mens rea—on the date Teel committed the instant offense. Rather, he testified about Teel's lack of mental competence to stand trial over a month after the commission of the offense. *Cf. id.* Under the circumstances here, we cannot say that the trial court abused its discretion by excluding Dr. Norman's testimony during the guilt-innocence phase of trial.[5] *See Mays*, 318 S.W.3d at 381–82; *Ruffin*, 270 S.W.3d at 596. We overrule Teel's sole issue.

## IV. Conclusion

Having overruled Teel's sole issue, we affirm the trial court's judgment.


PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 24, 2010

---

[5]The trial court granted Teel a running objection to the exclusion of Dr. Norman's testimony and offered to treat it as a proffer of testimony regarding any punishment issues during the punishment phase if the jury found Teel guilty, which Teel accepted.